**Daniel P. HULSEY, Plaintiff–Appellant,**

v.

**USAIR, INC., Defendant–Appellee.**

No. 87–1886.

United States Court of Appeals, Fifth Circuit.

April 3, 1989.

Rehearing and Rehearing En Banc Denied May 12, 1989.

Hal Gillespie, Hicks, Gillespie, James, Rozen & Preston, P.C., Dallas, Tex., for plaintiff-appellant.

John V. Jansonius, William C. Strock, Haynes & Boone, Dallas, Tex., for defendant-appellee.

Before GOLDBERG, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Daniel P. Hulsey (Hulsey), a commercial pilot, brought this civil action against his former employer, defendant-appellee USAir, Inc. (USAir), seeking declaratory relief and money damages for USAir's alleged violation of the Airline Deregulation Act of 1978, § 43(d), 49 U.S.C. App. § 1552 (1987). The district court, Judge Barefoot Sanders, rendered summary judgment in favor of USAir. We affirm.

**Facts and Proceedings Below**

The following facts were found by the district court and are not in dispute.

---

Hulsey was employed as a commercial airline pilot for Braniff Airways, Inc., from 1973 to 1982, when Braniff ceased operations and filed bankruptcy. In June 1982, after Braniff ceased operations, Hulsey, an employee eligible for protection under the Airline Deregulation Act of 1978 (the Act), applied for employment as a pilot with USAir, an interstate air carrier subject to the provisions of the Act. In September 1982, USAir hired Hulsey on probationary status. USAir requires all new pilots to serve a one-year probationary period, after which the pilots can be fired only for cause. Hulsey was on nonprobationary status when he worked for Braniff.

During his training and first three months of active service with USAir, Hulsey was a defendant in a federal criminal prosecution for several income tax-related felonies, and his participation in that trial caused him to miss work periodically. On March 12, 1983, a jury found him guilty of one count of conspiring to defraud the federal government under 18 U.S.C. § 371, and three counts of willfully subscribing false individual income tax returns under 26 U.S.C. § 7206(1) (1976), and on April 22, 1983 he was sentenced to concurrent thirty months' imprisonment terms on each count and a $5,000 fine.[1] On March 15, 1983, USAir suspended Hulsey without notice or opportunity to be heard, and on May 1, 1983, following his sentencing, Hulsey was fired. USAir's stated reasons for Hulsey's termination were his frequent unavailability for work and his criminal convictions.

Hulsey then filed the present action against USAir in November 1983. Hulsey alleged in his complaint that USAir had violated its duty under the Act's first right of hire provision, which requires that airlines give a hiring preference to employees dislocated as a result of the deregulation of the airline industry. He further alleged that he was denied employment opportunities because of this violation. The Act's first right of hire provision, which is codified at 49 U.S.C.App. § 1552(d)(1), states in pertinent part:

"Each person who is a protected employee of an air carrier which is subject to [the Act] who is ... terminated by such an air carrier (other than for cause) prior to the last day of the 10-year period beginning on October 24, 1978 shall have first right of hire, regardless of age, in his occupational specialty, by any other air carrier hiring additional employees.... Each such air carrier hiring additional employees shall have a duty to hire such a person before they hire any other person...."

According to Hulsey, USAir circumvented its duty under this provision by hiring him on probationary status, which permitted the carrier to terminate his employment without cause during the first year of employment notwithstanding the statutory hiring preference.

USAir responded by filing a motion to dismiss and a motion for summary judgment. USAir argued that by hiring Hulsey it had satisfied its duty under the first right of hire provision and that Hulsey's subsequent discharge did not constitute a violation of that provision. In an order dated October 20, 1987, the district court granted USAir's motion for summary judgment stating that USAir's duty to hire under the first right of hire provision does not imply protection beyond hiring. The district court noted that pursuant to its collective bargaining agreement with the Air Line Pilots Association, USAir hires all its pilots for a one-year probationary period, and during that period any pilot can be terminated at USAir's discretion. The court further noted that while the Act imposed a duty on USAir to hire Hulsey, once Hulsey was hired USAir owed no greater duty to him than it did to any of its other newly hired pilots. The court therefore concluded that once Hulsey was hired, USAir could terminate him without cause within the one-year probationary period, just as it could terminate any of its other newly hired pilots. Hulsey now appeals that decision.

---

**1.** This Court eventually affirmed Hulsey's conviction and he served seven months of his sentence beginning in August 1985. *See United States v. Daly,* 756 F.2d 1076 (5th Cir.), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 558 (1985).

## Discussion

On appeal, Hulsey contends that the district court misinterpreted the Act when it concluded that the first right of hire requirement is satisfied once the "protected" employee is hired. According to Hulsey, this interpretation renders the first right of hire provision meaningless, for a carrier could theoretically satisfy its obligation under the provision by hiring a protected employee one moment and firing him the next, and then hiring the carrier's first choice without the restrictions of statutory hiring preferences. This kind of protection, Hulsey argues, is no protection at all. Thus, Hulsey contends that for the provision to have meaning, it must be interpreted to impose a duty of hiring protected employees on a permanent rather than probationary status. Furthermore, Hulsey contends that to give meaning to the first right of hire privilege, the "protected" employees must be allowed to challenge a wrongful termination in a grievance procedure (including labor arbitration) or in the federal courts. Hulsey contends that such an interpretation of the Act "would be consistent with a long series of rights deemed by the courts to flow from the duty to bargain in good faith provided under the Railway Labor Act, 45 U.S.C. § 152, ... and the Labor Management Relations Act, 29 U.S.C. § 158(a)(5)."

■ We reject these arguments for the reasons set forth in the district court's opinion, which is reproduced as the appendix hereto. After reviewing the legislative history of the first right of hire provision, the district court concluded that Congress intended to limit the employment protection to a hiring preference.[2] Beyond the hiring, the district court concluded, the law does not afford the protected employees preferential treatment.[3] We agree with these conclusions.

■ In short, we are in agreement with the district court's opinion and we affirm on that basis. We add, however, that we do not read the district court's opinion as saying that USAir discharged Hulsey as a forced hire when it would not have discharged a nonforced hire probationary pilot, or indeed a nonprobationary pilot, under the same circumstances; indeed, there is no evidence to this effect. In this case, it is undisputed that USAir will not employ pilots who are convicted felons, and it is undisputed that Hulsey was fired because of his multiple felony convictions after he was sentenced to thirty months' imprisonment. There is no allegation or summary judgment evidence that USAir has retained, or has a policy of retaining, probationary (or nonprobationary) pilots who are not protected by the Act despite felony convictions with sentences of imprisonment; thus, there is no evidence that Hulsey was treated any differently from any other USAir pilot who is convicted of a felony offense and sentenced to prison therefor. The undisputed evidence indicates that Hulsey was afforded preferential treatment when he was hired, and that in subsequently discharging him USAir treated Hulsey as it would treat its other pilots under similar circumstances, as it is permitted to do under the law. Thus, since there was no genuine issue of material fact, the district court properly found that USAir is entitled to judgment as a matter of law.

## Conclusion

For the reasons set forth in the district court's opinion, we find no merit in Hul-

---

**2.** And as the district court correctly noted, the protected employee must meet the qualification requirements established by the air carrier (other than those qualifications concerning initial hiring age or recall rights) as required by regulations promulgated by the Secretary of Labor under the authority of the Act. *See* 29 C.F.R. § 220.23.

**3.** We do not suggest that a willful sham hiring—one undertaken only for the purpose of mere formal compliance with the Act's first right of hire provisions and with the intent to promptly terminate the new forced hire at the first opportunity—complies with the Act; but here there is no basis on which to conclude that the initial hiring was a willful sham; that it was probationary—as, pursuant to the collective bargaining agreement, was USAir's hiring of all its pilots—affords no basis whatever for any inference that it was a sham.

sey's arguments. Accordingly, the judgment in favor of USAir is

AFFIRMED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

DANIEL P. HULSEY, Plaintiff,

v.

USAIR, INC., Defendant,

CIVIL ACTION NO. 3–83–2017–H

MEMORANDUM OPINION
AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendant's Motion to Dismiss and Motion for Summary Judgment, filed July 31, 1987; Plaintiff's Response, filed August 31, 1987; and Defendant's Reply, filed September 18, 1987.

This is a civil action for declaratory relief and money damages attributable to Defendant's alleged violation of the Airline Deregulation Act of 1978, § 43(d), 49 U.S.C. App. § 1552 (1987) ("the Act"). Plaintiff's Original Complaint ("Complaint") at 1. Plaintiff alleges that Defendant violated its duty under the Act to first hire employees dislocated as a result of deregulating the airline industry. Specifically, Plaintiff alleges that Defendant circumvented its duty to offer Plaintiff the "first right of hire" by hiring him on probationary status, since probationary employees may be terminated at any time without cause. Plaintiff contends that if probationary employment is considered to satisfy the Act, the protection afforded is illusory.

The material facts in this case are undisputed. Plaintiff was a pilot on non-probationary status with Braniff Airways, Inc. ("Braniff") from 1973 until Braniff ceased operations and filed for bankruptcy in 1982. Complaint at 2–3; Affidavit of Daniel P. Hulsey ¶ 3. On or about June 1, 1982, Plaintiff applied to Defendant as an employee eligible for the protection of the Act. Complaint at 3. Defendant is an interstate air carrier and is subject to the Act. Complaint at 2. Plaintiff was hired by Defendant on probationary status in September, 1982. Complaint at 3. Defendant requires all new pilots to serve a one-year probationary period. Collective Bargaining Agreement between USAir and the Air Line Pilots Association, Chap. 18. During the period of Plaintiff's training and his first three months of active service with Defendant, Plaintiff was a defendant in a trial in the United States District Court for the Northern District of Texas, Fort Worth Division, in which he was charged with tax crimes. Complaint ¶¶ 5.2, 5.8, 5.10, 5.12. Participation in the trial required Plaintiff to periodically miss work. Complaint ¶¶ 5.8, 5.10, 5.11. Plaintiff was found guilty on March 12, 1983 of conspiring to defraud the federal government and willfully subscribing false individual income tax returns. His conviction was affirmed by the Fifth Circuit Court of Appeals. Complaint ¶ 5.12 and *United States v. Daly*, 756 F.2d 1076, 1079 (5th Cir.), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 558 (1985). On March 15, 1983 Defendant suspended Plaintiff without notice or opportunity to be heard and on May 1, 1983 Plaintiff was terminated. Complaint ¶ 5.13. The stated reason for Plaintiff's termination was his frequent unavailability for work and his criminal conviction. Complaint ¶ 5.15.

*Existence of Genuine Issues of Material Fact*

Summary judgment is proper when pleadings and evidence on file show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. The substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Disputed facts unnecessary to the cause of action will not be considered. *Id.*

The elements of Plaintiff's cause of action for violating the Act are as follows: (1) Plaintiff is a protected employee under the Act; (2) Defendant is subject to the Act;

and (3) Defendant violated its duty under the Act when it hired Plaintiff on probationary status rather than permanent status. The first two elements are not in dispute. *Compare* Complaint ¶¶ 5.5, 4.2 *with* Brief in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment ¶ II.A.3., 4. The third element is a legal issue.

*Defendant's Entitlement to Judgment as a Matter of Law*

The question before the Court is whether hiring the Plaintiff on probationary status circumvents the right of first hire provided in the Act. Defendant contends that its duty was satisfied once Plaintiff was hired. Plaintiff contends that hiring him on probationary status nullifies the protection afforded by the Act, because he could be terminated without cause at any time during the one year probation period.

The Act provides that

[e]ach person who is a protected employee of an air carrier which is subject [to this Act] who is ... terminated by such an air carrier (other than for cause) ... shall have first right of hire, regardless of age, in his occupational specialty, by any other air carrier hiring additional employees.... Each such air carrier hiring additional employees shall have a duty to hire such a person before they hire any other person....

The legislative history of the Act does not specifically address the scope of the duty to hire. As introduced, the House version of the Act (HR 12611) required the protection afforded to airline workers to be no less favorable than that afforded to railway workers under the Interstate Commerce Act § 5(2)(f) and the Rail Passenger Service Act § 405. Interstate Commerce Act, 49 U.S.C. § 11347 and Rail Passenger Service Act, 45 U.S.C. §§ 565(a) and (b); *see Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 694, 107 S.Ct. 1476, 1485, 94 L.Ed.2d

661, 676 (1987). These statutes referred to in the House bill specify that railway workers are protected from a worsening of their employment position as a result of action taken pursuant to these statutes. However, the final version of the Act did not contain language referring to the broad protections afforded employees under the Interstate Commerce Act and the Rail Passenger Service Act.

The regulations promulgated by the Secretary of Labor pursuant to the grant of authority in the Act for administering the duty to hire refer to these provisions as the "Rehire Program." 29 C.F.R. § 220.02 (1986). The regulations specify that the covered air carrier has the duty to hire a protected employee before it hires any other applicant. *Id.* § 220.20(a). The protected employee must meet the qualification requirements established by the air carrier, other than those qualifications concerning initial hiring age or recall rights. *Id.* § 220.21(a).

The Act specifically refers to the air carrier's duty to *hire* protected employees before other applicants. Where possible, courts interpret the words of statutes "in their ordinary, everyday sense." *Malat v. Riddell*, 383 U.S. 569, 571, 86 S.Ct. 1030, 1032, 16 L.Ed.2d 102 (1965); *Russello v. United States*, 464 U.S. 16, 21, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983). To overcome this general rule, "there must be something to make plain the intent of Congress that the letter of the statute is not to prevail." *Crooks v. Harrelson*, 282 U.S. 55, 60–61, 51 S.Ct. 49, 50–51, 75 L.Ed. 156 (1930). With this Act there is no indication that Congress intended for the phrase "duty to *hire*" to imply protection beyond hiring. Indeed, the legislative history indicates that the House proposed arguably broader employee protections, but then omitted these broader protections from the final Act.[1] Congress' intent to limit the

---

1. Some members of the House perceived that the final version of the Act as passed reduced the employment protection as provided in the earlier House version. Representative Anderson stated "[t]he House provisions on employee protection ... were stronger than those in the [final Act]." *Alaska Airlines, Inc. v. Dono-*van, 766 F.2d 1550, 1562 n. 10 (D.C.Cir.1985), *citing* 124 Cong.Rec. 38,522 (1978). Representative Mineta stated that "[b]y comparison with the House-passed provision, the [final Act] is not much protection at all." *Id., citing* 124 Cong.Rec. 38,524–25 (1978).

employment protection to a hiring preference can be inferred from their deleting the broader language in the final Act. *See Russello v. United States*, 464 U.S. 16, 23–24, 104 S.Ct. at 300–01 (1983).

Thus, the Court concludes the plain language of the Act and the regulations promulgated pursuant thereto imposed on Defendant a duty to hire Plaintiff as an employee protected under the Act. Once hired, Defendant owed no greater duty to Plaintiff than to other newly hired pilots. Defendant hires all pilots for a one year probationary period. Collective Bargaining Agreement, *supra*. During this probationary period, pilots can be terminated at Defendant's discretion. Thus, the Court need not reach the issue of whether Plaintiff was terminated for just cause.

### Conclusion

Plaintiff was lawfully terminated. There is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

DATE: October 20, 1987.